UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EGLON BASCOM,

                Plaintiff,

   -against-

THE BROOKDALE HOSPITAL

                Defendant.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-MC-0386 (SLT)

TOWNES, United States District Judge.

By Order dated August 26, 2010, Judge Allyne R. Ross enjoined *pro se* plaintiff Eglon Bascom "from filing any new *in forma pauperis* action against Brookdale Hospital or related to his prior residency at Brookdale Hospital in this Court without first obtaining leave of Court." Bascom v. Brookdale Hospital, No. 10-CV-3378 (ARR). Judge Ross noted that plaintiff had filed five previous actions against Brookdale Hospital, one in 2004 and four in 2010; all were dismissed and plaintiff received several warnings.

Since the injunction was ordered, plaintiff has sought leave to file a new *in forma pauperis* action against Brookdale Hospital related to his prior residency there on six occasions: Bascom v. The Brookdale Hospital, 11-mc-614 (SLT); Bascom v. Brookdale Hospital, 11-mc-630 (SLT); Bascom v. Brookdale Hospital, 11-mc-652 (SLT); Bascom v. Brookdale Hospital, 12-mc-343 (SLT); Bascom v. Brookdale Hospital, 12-mc-363 (SLT); Bascom v. Brookdale Hospital, 12-mc-371 (SLT). Each time leave has been denied, most recently on June 11, 2012. In the June 11, 2012 Memorandum and Order, the Court warned that

1



further submissions seeking leave to file similar frivolous or malicious *in forma pauperis* actions shall result in the imposition of sanctions in the amount of $1500.00. See Bascom v. Brookdale Hospital, 12-mc-363 (SLT), docket entry no. 6 at 3; Bascom v. Brookdale Hospital, 12-mc-371 (SLT), docket entry no. 5 at 3.

On the same day, June 11, 2012, plaintiff filed the instant complaint and the obligatory requests for leave to file. In this pleading, plaintiff continues his pattern of vexatious litigation against Brookdale Hospital with regard to his prior residency. Accordingly, plaintiff is DENIED leave to file this *in forma pauperis* action.

Sanctions

Because plaintiff may not yet have received a copy of the Court's June 11, 2012 warning him that sanctions would be entered if he continued to seek leave to file frivolous or malicious *in forma pauperis* actions when he filed the instant submission, the Court repeats the warning here. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a party may be sanctioned for pleadings "presented for any improper purpose, such as to harass, cause unnecessary delay or, needlessly increase the cost of litigation." Chambers v. NASCO, Inc., 501 U.S. 32, 42-52 (1991) (district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly or for oppressive reasons). "[B]efore sanctions are imposed, a *pro se* litigant must be 'adequately warned of the consequences which may result from this behavior.'" Shahid v. Ridgewood-Bushwich Senior Citizen's Council, No. CV-03-4949, 2005 WL 1009549, at *1 (E.DN.Y. Apr. 26, 2005) (quoting Golub v. Univ. of Chicago, Nos. 87 Civ. 2891, 88 Civ. 0597, 1992 WL 333641, at *4 (E.D.N.Y. Oct. 26, 1992)); Daniel v. Safir, 135 F. Supp. 2d 367, 379 (E.D.N.Y. 2001); Fed. R. Civ. P. 11(c)(3). Plaintiff was informed in an earlier order of the

possibility of sanctions should he continue to file frivolous *in forma pauperis* actions, see Bascom v. Brookdale Hospital, 10-CV-3052 (SLT), dkt no. 8 at 5-6, and the aforementioned June 11, 2012 Order.

## Conclusion

Accordingly, leave to file the instant *in forma pauperis* action is denied. Furthermore, plaintiff is hereby warned that further submissions seeking leave to file similar frivolous or malicious *in forma pauperis* actions shall result in the imposition of sanctions in the amount of $1500.00 See, e.g., Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 59 (2d Cir. 2001) (affirming imposition of $1500 sanction on *pro se* litigant). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES  
United States District Judge

Dated: Brooklyn, New York  
June 20, 2012